IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY JACKSON,  :
    Petitioner  :
    v.  : Case No. 3:13-cv-224-KRG-KAP
MARK KIRBY, WARDEN,  :
F.C.I. LORETTO,  :
    Respondent  :

## Report and Recommendation

### Recommendation

Petitioner Jackson, an inmate at F.C.I. Loretto serving a sentence imposed by this Court, filed a petition for a writ of habeas corpus, see 28 U.S.C.§ 2241. I recommend that the petition be transferred to the Court of Appeals as a second or successive motion to vacate. The Clerk shall add the United States Attorney to the docket for notice purposes only.

### Report

Anthony Jackson was convicted by a jury in a trial before Judge Lancaster on a charge of violating 18 U.S.C.§ 922(g)(1) that was contained in an indictment filed at 2:04-cr-327-GLL. Judge Lancaster sentenced Jackson on November 3, 2006, to 15 years imprisonment to be followed by 5 years of supervised release. Jackson, represented by counsel, pursued a direct appeal. The Court of Appeals affirmed the judgment of sentence on June 27, 2008, in an opinion at United States v. Jackson, 282 Fed. Appx. 999, No. 06-4784 (3d Cir.2008).

Jackson then filed a *pro se* motion to vacate under 28 U.S.C.§ 2255 that was docketed at 2:09-cv-306-GLL. Jackson claimed that trial counsel was ineffective, including on the grounds that

trial counsel failed to call co-defendant Jamal Williams, who allegedly would have given exculpatory testimony. Judge Lancaster denied the motion on the merits on August 30, 2010. Jackson pursued an appeal but the Court of Appeals denied a certificate of appealability on December 16, 2010, at United States v. Jackson, No. 10-3727 (3d Cir. December 16, 2010).

Jackson now submits a different challenge to his conviction in a petition for a writ of habeas corpus under 28 U.S.C.§ 2241. Jackson is barred by 28 U.S.C.§ 2244(a) from proceeding by means of a petition for a writ of habeas corpus "except as provided in section 2255." That section, at 28 U.S.C.§ 2255(h), requires a second or successive motion to vacate to be authorized by the Court of Appeals under 28 U.S.C.§ 2255(h) and 28 U.S.C.§ 2244(b)(3), upon a showing that the successive motion either contains new and convincing evidence of innocence or relies on a new rule of constitutional law made retroactive to Jackson's case by the Supreme Court. Jackson cannot evade the requirement of 28 U.S.C.§ 2255(h) by labeling his motion a petition for a writ of habeas corpus. There is an exception in Section 2255(e) that would allow Jackson to proceed by a petition for a writ of habeas corpus if a motion to vacate were "inadequate or ineffective to test the legality of his detention" but that exception is inapplicable. See e.g., Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002). So far there are only two cases, In re

Dorsainvil, 119 F.3d 245 (3d Cir.1997), and Abuhouran v. Grondolsky, 392 Fed.Appx. 78 (3d Cir.2010), where a writ of habeas corpus has been declared available because a motion to vacate is an inadequate remedy. Both were cases in which, after the time to file a motion under Section 2255 had passed, a new precedential interpretation of the relevant statute negated criminal liability for petitioner's conduct. Jackson does not allege a change in the interpretation of 18 U.S.C.§ 922(g)(1): his claims are essentially an invitation to reweigh the evidence presented at trial and to consider an new exculpatory statement by Jamal Williams. Before this court can consider those claims the Court of Appeals must grant Jackson leave to proceed.

Pursuant to 28 U.S.C.§ 636(b)(1), the petitioner is given notice that he has fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 2 October 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Anthony Jackson, Reg. No. 084343-068
F.C.I. Loretto
P.O. Box 1000
Loretto, PA 15940